UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------
ISTVAN KELE,

              Plaintiff,

        v.                                        9:04-CV-0377
                                                                                          (TJM/GHL)

DANIEL G. MIDDAUGH, Sheriff, Oneida
County of New York; UNKNOWN DOES,

              Defendants.
----------------------------------------------------------------

APPEARANCES:                                             OF COUNSEL:

ISTVAN KELE
Plaintiff, *Pro Se*
A14924133-Pod 2
U.S. Immigration and Customs Enforcement
2001 Seaside Avenue
San Pedro, CA 90731

DELBUONO & DIODATI                       DAVID R. DIODATI, ESQ.
Counsel for Defendant Middaugh
23 Genesee Street
New Hartford, NY 13413

GEORGE H. LOWE, UNITED STATES MAGISTRATE JUDGE

## **ORDER**

      Currently before the Court is a motion to compel discovery filed by Istvan Kele ("Plaintiff"). Dkt. No. 13. This motion addresses Plaintiff's first set of interrogatories, first request for production of documents, and a request for collateral sources (hereinafter referred to as the "discovery demands").

      Plaintiff alleges that he served his discovery demands on Defendant's counsel on

November 9, 2004. Dkt. No. 14.[1] The discovery demands are all attached to Plaintiff's motion to compel. On December 20, 2004, Plaintiff sent a letter to Defendant's counsel inquiring why he had received no response to his discovery demands. *See* Dkt. No. 14 (Dec. 20, 2004 Letter). Plaintiff filed this motion, seeking a response to his November 2004 discovery demands, on January 12, 2005.

On January 28, 2005, Defendant's counsel responded to the motion with a letter to the Court stating:

> Regarding the above referenced matter and the pending motion to compel I am waiting for additional documentation from the Oneida County Sheriff's Department to complete the responses. I expect to provide the responses to plaintiff within the next two weeks. I will report to the Court when the responses are provided.

Dkt. No. 17. The Court deemed counsel's response as a request for an extension of the response deadline that had been established by the Court, and directed that Defendants file a response to the motion to compel on or before February 25, 2005. Dkt. No. 18.

On February 25, 2005, Defendant's counsel filed another letter to the Court stating that he had forwarded "a response to plaintiff's discovery demands this date." Dkt. No. 19. Complete

---

[1] The Court notes that attached to the document docketed as Dkt. No. 14 is a request from Plaintiff to extend the non-dispositive motion deadline. This was never docketed as a separate request and brought before the Court. In that request, Plaintiff notes his inability to comply with the prior order of the Court (Dkt. No. 3) and identify the John Doe Defendants in this action due to Defendant's failure to respond to his discovery demands. In this regard, the Court also notes that, in his cover letter transmitting the original discovery demands, Plaintiff advised Defendant's counsel of the following: "Because of the deadline for amending my Complaint is set by the court for January 30, 2005, please impress upon Defendant Middaugh to answer my questions and request for production of documents fully to enable me to identify and, thus, name the proper defendants for the purpose of amending my complaint." *See* Dkt. No. 15 (Nov. 9, 2004 Letter).

copies of Defendant's responses to the discovery demands were not attached to counsel's letter.[2] Counsel also asserts in this response that the motion to compel should be denied due to Plaintiff's failure to confer in good faith.

On March 7, 2005, Plaintiff replied to Defendant's response (Dkt. No. 20), and attached as an exhibit a one page-document that is entitled "Response to Discovery Demands," and is dated February 25, 2005. The "Response to Discovery" document does not purport to respond to the individual interrogatories, demands for documents, or request for collateral sources. Rather, Defendant has generically grouped the various demands into four categories. Moreover, two of the four "responses" state "Defendants are reviewing their records and will provide the requested information in a supplemental response." *See* Dkt. No. 20. Plaintiff also takes issue with the documents actually produced. However, since Defendant failed to provide the Court with these documents, I cannot address this issue at this time.

I cannot recall ever seeing a discovery response comparable to Defendant's "Response to Discovery Demands." This response appears to be totally inadequate, both procedurally[3] and substantively. It is also disturbing that it took over three months to come up with such an

---

[2] The Pretrial Scheduling Order issued in this case requires that the discovery in dispute be attached to motion papers. This obligation extends both to a party seeking responses and a party defending a motion with an assertion that they have fully complied with the discovery demands at issue. However, Defendant did not provide the Court with a copy of his responses. Defendant also did not provide the Court with a copy of the letter that counsel states was sent to Plaintiff advising Plaintiff that the responses would be forthcoming; this letter, counsel asserts, is an indicia of bad faith on Plaintiff's part. *See* Dkt. No. 19.

[3] Clearly, the responses do not meet the requirements of the Federal Rules of Civil Procedure. For example, Rule 33 requires that each interrogatory "shall be answered separately in writing under oath . . . . The answers are to be signed by the person making them, and the objections signed by the attorney making them." Rule 34 requires that all documents produced shall be organized and labeled to correspond to the requests.

inadequate response. However, what is most disturbing is counsel's letter to the Court of February 25, 2005, stating that he had forwarded "a response to plaintiff's discovery demands this date." The statement, of course, is literally true, but the implication, that an appropriate and adequate response had been forwarded to Plaintiff, is not true.

**ACCORDINGLY**, it is

**ORDERED** that, on or before **MAY 18, 2005**, defense counsel is to file an affidavit setting forth why sanctions should not be imposed based upon the apparently inadequate "Response to Discovery Demands" and the apparently misleading letter to the Court of February 25, 2005; and it is further

**ORDERED** that in his affidavit counsel also is to set forth his detailed response to the last three paragraphs on page 3 of "Plaintiff's Response to Defendants Counsel's Objections to Plaintiff's Motion to Compel," dated March 3, 2005 (Dkt. No. 20); and it is further

**ORDERED** that Defendants fully respond to plaintiff's November 2004 discovery demands, in full compliance with the Federal Rules of Civil Procedure, on or before **MAY 18, 2005**;[4] and it is further

**ORDERED** that the Court will address the pretrial deadlines, including Plaintiff's request for an extension of the non-dispositive motion deadline, after receiving counsel's affidavit; and it is further

**ORDERED** that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

---

[4]  Defendants are reminded that the time to object to the discovery demands has passed.

Dated: April 27, 2005
       Syracuse, New York

_____
George H. Lowe
United States Magistrate Judge