UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ISTVAN KELE,
                Plaintiff,

         v.                            9:04-CV-0377
                                            (TJM/GHL)
DANIEL G. MIDDAUGH, Sheriff, Oneida
County of New York; UNKNOWN DOES,
                Defendants.
_____

APPEARANCES:                         OF COUNSEL:

ISTVAN KELE
  Plaintiff, *Pro Se*
H-1131 Budapest
Reitter Ferenc ut 158
Hungary, Europe

DELBUONO & DIODATI           DAVID R. DIODATI, ESQ.
  Counsel for Defendant Middaugh
23 Genesee Street
New Hartford, NY 13413

GEORGE H. LOWE, United States Magistrate Judge

## **REPORT-RECOMMENDATION**

      This action has been referred to me for Report and Recommendation by the Honorable

Thomas J. McAvoy, U.S. District Judge, pursuant to Local Rule 72.3(c) and 28 U.S.C. § 636(b).

Istvan Kele ("Plaintiff") filed this action against Daniel Middaugh ("Defendant") and unnamed

employees of the Oneida County Sheriff's Department under 42 U.S.C. § 1983, alleging that they

violated his civil rights by denying him certain postage while he was incarcerated in the Oneida

County Correctional Facility.  Currently before the Court is Defendant's motion for summary

judgment.  For the reasons that follow, I recommend that Defendant's motion be denied.

## I.      SUMMARY JUDGMENT STANDARD

Summary judgment is warranted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1]  In determining whether a genuine issue of material[2] fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the moving party.[3]  In addition, "[i]n actions in which one of the parties appears *pro se,* this Court is faced with the . . . responsibility of granting significant liberality in how *pro se* pleadings are construed."[4]  For example, where a plaintiff is proceeding *pro se*, and the defendant has filed a motion for summary judgment, the Court must construe the plaintiff's complaint and opposition papers liberally so as to raise the strongest arguments that they suggest.[5]

Instrumental, then, to a motion for summary judgment (especially to a defendant's motion for summary judgment in a *pro se* action) is the movant's Statement of Material Facts.  Indeed,

---

[1]      Fed. R. Civ. P. 56(c).

[2]      A fact is "material" only if it would have some effect on the outcome of the suit. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986).

[3]      *Schwapp v. Town of Avon,* 118 F.3d 106, 110 (2d Cir. 1997) (citation omitted); *Thompson v. Gjivoje*, 896 F.2d 716, 720 (2d Cir. 1990) (citation omitted).

[4]      *Aziz Zarif Shabazz v. Pico*, 994 F.Supp. 460,  467 (S.D.N.Y. 1998); *see Haines v. Kerner,* 404 U.S. 519, 520-21 (1972) (*per curiam* ) (*pro se* pleadings held "to less stringent standards than formal pleadings drafted by lawyers."); *Ortiz v. Cornetta,* 867 F.2d 146, 148 (2d Cir. 1989).

[5]      *See Weixel v. Bd. of Ed. of City of New York,* 287 F.3d 138, 146 (2d Cir. 2002) (motion to dismiss in civil rights case); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (motion for summary judgment in civil rights case); *Thomas v. Irving,* 981 F. Supp. 794, 799 (W.D.N.Y. 1997) (motion for summary judgment in civil rights case).

the Local Rules of Practice for this Court specifically require, and describe, such Statements:

> The Statement of Material Facts shall set forth, in numbered paragraphs, each material fact about which the moving party contends there exists no genuine issue. Each fact listed shall set forth a specific citation to the record where the fact is established. The record for purposes of the Statement of Material Facts includes the pleadings, depositions, answers to interrogatories, admissions and affidavits. It does not, however, include attorney's affidavits. <u>Failure of the moving party to submit an accurate and complete Statement of Material Facts shall result in a denial of the motion</u>.

N.D.N.Y. L.R. 7.1(a)(3) [emphasis in original].

## II.   ANALYSIS

Here, Defendant has failed to file *any* Rule 7.1 Statement of Material Facts, much less an "accurate and complete" one, as required by the Local Rule 7.1 (a)(3).[6]  Thus, Defendant's motion must be denied.[7]

I reach this conclusion with some regret, since I believe that Defendant's legal argument in support of his motion for summary judgment may (if that argument were properly supported) have some merit–i.e., Defendant's argument that Plaintiff's Complaint should be dismissed because of Defendant's qualified immunity and lack of personal involvement in the alleged

---

[6]      (*See* Dkt. No. 35, consisting of only Part 1 [Def.'s Notice of Motion], Part 2 [Heim Aff.], Part 3 [Diodati Aff.], and Part 4 [Def.'s Mem. of Law].)

[7]      *See* N.D.N.Y. L.R. 7.1(a)(3) ("<u>Failure of the moving party to submit an accurate and complete Statement of Material Facts shall result in a denial of the motion</u>.") [emphasis in original]; *see also Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (citations omitted) (before the facts set forth in a Statement of Material Facts will be taken as true, those facts must be supported by the evidence in the record).

constitutional violations.[8]  Also with some merit *might* be other legal arguments (omitted from Defendant's brief) in support of a motion for summary judgment by Defendant–for example, arguments that (1) negligence by Defendant(s) under these circumstances is not actionable under 42 U.S.C. § 1983,[9] (2) the "constitutional right" that Plaintiff claims generally does not exist (i.e., the right to correspond with family and friends living overseas, and/or the right to not be "discriminated against" due to the fact that one has family and friends overseas), or does not exist under the circumstances (in which, apparently, neither the person sending the communications nor the person(s) receiving the communications were citizens or permanent residents of the United States), (3) even if the Oneida County Correctional Facility had a regulation that infringed on Plaintiff's constitutional rights, that regulation was reasonably related to a legitimate penological interest,[10] and (4) the deprivation at issue was *de minimus* in light of (a) the fact that Plaintiff could have communicated by family and friends in Hungary by telephone, and/or (b) the

---

[8]       (*See* Dkt. No. 35, Part 4 [Def.'s Mem. of Law].)

[9]       *See Hubert v. Irvin*, 91-CV-0515, 1992 U.S. Dist. LEXIS 10431, at *7-8 (W.D.N.Y. June 30, 1992) (granting summary judgment to prison senior mail clerk because, at most, evidence showed that mail clerk was *negligent* with regard to the mailing of the plaintiff's letters, which is not actionable under 42 U.S.C. § 1983) (citation omitted).

[10]      *See Hubert*, 1992 U.S. Dist. LEXIS 10431, at *3-7 (granting summary judgment to prison superintendent because, even if prison rule regulating the "vendors" from whom inmates may receive packages infringed on the plaintiff's First Amendment right to practice his religion, that prison regulation was reasonably related to a legitimate penological interest, i.e., preventing the introduction of contraband into the prison); *Powell v. Godinez*, 93-CV-3469, 1997 U.S. Dist. LEXIS 14852, at *22-26 (N.D. Ill. Sept. 24, 1997) (granting summary judgment to prison mailroom supervisor because, even if prison rule demanding that inmates pay for postage to Canada infringed on the plaintiff's First Amendment right to petition the government for redress of grievances and/of the plaintiff's Fourteenth Amendment right to not be discriminated against, that prison regulation was reasonably related to a legitimate penological interest, i.e., controlling the cost of inmates' free mail).

fact that the deprivation in question was temporary in nature (i.e., less than three months).

However, my regret at having to recommend the denial of Defendant's motion is tempered by the fact that Defendant's motion is (in addition to being in violation of the Local Rules and factually unsubstantiated) probably premature. Although discovery in this matter formally closed on May 30, 2005,[11] a discovery dispute is pending,[12] the resolution of which *may* result in (1) my reopening discovery *sua sponte* and (2) Defendant disclosing to Plaintiff evidence (if it exists) that creates an issue of fact material to Defendant's motion. Perhaps in response to this fact, Defendant appears to argue that any uncompleted discovery is not material to his motion for summary judgment since Plaintiff cannot conduct any further discovery due to his inability to return to the United States.[13] I find this argument creative but confusing, since Defendant acknowledges in a letter to me that the Court "can allow a trial to proceed even if the plaintiff cannot appear as was the case in *Dorsey v. Edge*, 819 F.2d 1066 (11th Cir. 1987)."[14] If the Court can allow a trial to proceed in Plaintiff's absence, why can it not allow discovery to

---

[11]    (Dkt. No. 12 at 2 [Scheduling Order, filed 11/4/04].)

[12]    (Dkt. Nos. 13-15 [Plf.'s Motion to Compel, filed 1/12/05].) I note that I held the resolution of this discovery dispute in abeyance to permit Defendant to submit a motion to dismiss for Plaintiff's failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Dkt. Nos. 28, 33; Dkt. Entry dated 9/1/05 [Minute Entry].) However, Defendant did not file such a motion to dismiss but the instant motion for summary judgment. (Dkt. No. 34 [8/1/05 Letter from Diodati to Court stating, *inter alia*, that "Under these circumstances I do not believe a motion to dismiss is appropriate at this time."]; Dkt. No. 35, Part 1 [entitled "Notice of Motion for Summary Judgment"], Part 2 [Heim Aff., requesting that "summary judgment be granted" to Defendant], Part 3 [Diodati Aff., requesting that "summary judgment be granted" to Defendant, Part 4 at 3 [Def.'s Mem. of Law, concluding that "summary judgment should be granted" to Defendant"].)

[13]    (Dkt. No. 35, Part 3, ¶ 5 [Diodati Aff.].)

[14]    (Dkt. No. 34 [8/1/05 Letter from Diodati to Court].)

proceed in Plaintiff's absence?

I note that, in his motion papers, Defendant attempts to adopt by reference the arguments advanced in support of a Rule 41(b) motion to dismiss for failure to prosecute filed by the defendants in a separate civil rights action filed by Plaintiff.[15]  I am not sure how an argument in support of a motion to dismiss can support a motion for summary judgment, since the two motions have different standards.  In any event, I reject the arguments in support of the Rule 41(b) motion to dismiss in the separate action for the reasons stated in my Report-Recommendation in that action.  (*See Kele v. Pelkey*, 9:03-CV-0170[LEK/GHL], Dkt. No. 64.)

In the event that the Court adopts my recommendation in this matter, I then would resolve the pending discovery dispute and, if appropriate, reopen discovery and (when discovery closes) permit Defendant(s) to again move for summary judgment.  If, during the completion of discovery, Plaintiff has failed to prosecute this matter, comply with any of the Federal Rules of Civil Procedure, and/or comply with any orders of the Court, I would permit Defendant(s) to move to dismiss under Rule 41(b).

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendants' motion for summary judgment (Dkt. No. 35) be **DENIED**; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Report-Recommendation upon the parties to this action.

---

[15]        (Dkt. No. 35, Part 3, ¶ 6 [Diodati Aff.].)

6

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 [2d Cir. 1989]); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: December 22, 2005
    Syracuse, New York


George H. Lowe
United States Magistrate Judge