```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ISTVAN KELE,
                                    Plaintiff,

-against-                              9:04-CV-0377

DANIEL G. MIDDAUGH, et al.,

                                    Defendants.
_____

THOMAS J. McAVOY,
Senior United States District Judge
```

### DECISION & ORDER

#### I. INTRODUCTION/DISCUSSION

This *pro se* action brought pursuant to 42 U.S.C. § 1983 was referred by this Court to the Hon. George H. Lowe, United States Magistrate Judge, for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

The Report-Recommendation dated December 22, 2005 recommended that Defendants' motion for summary judgment be denied. Neither party filed any objection to the magistrate judge's Report-Recommendation.

After examining the record, this Court has determined that the Report-Recommendation is not subject to attack for plain error or manifest injustice. Accordingly, this Court adopts the Report-Recommendation for the reasons stated therein.

1

**II. CONCLUSION**

Therefore, Defendants' motion for summary judgment (dkt. # 35) is **DENIED WITH LEAVE TO RENEW.** See Aiken v. Nixon, 236 F. Supp.2d 211, 229 (N.D.N.Y. 2002),[1] aff'd 80 Fed. Appx. 146, 2003 WL 22595837 (2d Cir. Nov. 10, 2003). Magistrate Judge Lowe shall determine whether the parties will engage in further discovery, and the date by which the Defendants must renew their motion for summary judgment should they elect to do so.

**IT IS SO ORDERED**

DATED: May 12, 2006

*Thomas J. McAvoy* (signature)
Thomas J. McAvoy
Senior, U.S. District Judge

---

[1] In Aiken, the Court noted:

The [qualified immunity] defense "serves important interests in our political system," Sound Aircraft Servs., Inc. v. Town of East Hampton, 192 F.3d 329, 334 (2d Cir. 1999), ensuring that damages suits do not "unduly inhibit officials in the discharge of their duties" by burdening individual officers with "personal monetary liability and harassing litigation." Anderson v. Creighton, 483 U.S. 635, 638 (1987); see Connell v. Signoracci, 153 F.3d 74, 79 (2d Cir. 1998). For this reason, the Supreme Court has directed that "[w]here the defendant seeks qualified immunity, a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive." Saucier v. Katz, 121 S.Ct. 2151, 2155-56 (2001).

236 F. Supp.2d at 229.